Caroline CRUZ, Appellant,

v.

Michael Shaw MORRIS, et al., Appellees.

No. C14–93–00525–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 1994.

Anthony F. Mercurio, Houston, for appellant.

Justine S. Clarke, Houston, for appellees.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This appeal comes to us from the trial court's striking appellant's pleadings for failure to replead in accordance with the trial court's previous order granting appellee's special exceptions. Appellant brings nine points of error to assert that the trial court abused its discretion in striking the pleadings and ultimately dismissing appellant's case. We will affirm the judgment of the trial court.

The underlying lawsuit is one for appellees' alleged negligence in a collision between the respective vehicles of appellant and appellees. Appellant's original pleadings did not state a specific amount of damages, and appellees filed special exceptions requesting a specific amount of damages be pled. After notice to appellant regarding the hearing on this matter, the trial court granted the special exceptions and issued an order giving appellant thirty days in which to amend her pleadings. This order, dated April 3, 1991, also stated that failure to do so would result in dismissal of any reference to damages in appellant's pleadings. Appellant did not replead, and on October 31, 1991, almost seven months past the deadline, the trial court dismissed sections of appellant's pleadings relating to damages, including the prayer. However, on the following day, November 1, 1991, appellant filed a first amended petition which set out specific amounts for damages amounting to $3000 for medical expenses and $10,000 for future losses in her wage-earning capacity.

On November 13, 1991 appellant filed a motion to reinstate those portions of the pleadings stricken by the trial court. Appellant's counsel argued the failure to replead pursuant to the court's order was due to clerical error and attorney oversight, not a conscious intent to disregard the order. The trial court denied this motion on November 22, 1991. Despite appellant's lack of pleadings regarding damages, litigation continued throughout the year of 1992 with the parties' disputing a motion for summary judgment appellees had filed. No hearing or order was ever entered on the summary judgment.

Almost one and one-half years later, on March 26, 1993, appellant filed a first supplemental petition setting out a request for $3000 for medical expenses, $4000 for lost wages, and $30,000 for future losses in her wage-earning capacity. Appellees filed a motion to dismiss both this pleading and the first amended petition filed on November 1, 1991. The trial court granted appellees' motion on April 16, 1993, and appellant brought this appeal.

Appellant's nine points of error can be more succinctly stated as two or three complaints. Appellant's basic complaints are the trial court's granting the special exceptions and striking portions of her pleadings when she failed to meet the deadline for amending her pleadings. This order is the crux of the appeal. The trial court's then dismissing the cause of action in 1993 grew out of this 1991

order that left appellant with no cause of action given the absence of any pleadings regarding damages. We will address the propriety of the trial court's actions within this more concise framework.

■ We first address appellant's complaint, framed as point of error eight, that appellees' special exceptions should not have been sustained in the first place. Appellant, however, cites no applicable legal authority to show us that a trial court cannot require a plaintiff to replead his damages with greater specificity. Appellant cites *Young v. Kirsch*, 814 S.W.2d 77 (Tex.App.—San Antonio 1991, no writ) for this proposition, but this case only addresses the sufficiency of an original pleading to support a default judgment. The other case cited by appellant directly refutes her argument. *See Baker v. Charles*, 746 S.W.2d 854, 856 (Tex.App.—Corpus Christi 1988, no writ) (stating default judgment supported by pleadings with only general statement of damages). The court in *Baker* stated that the purpose of pleadings is to provide fair notice to the opposing party; thus specificity of damages were not required "*absent a proper special exception*" (emphasis added). *Id.* Sustaining appellees' special exceptions was proper. Point of error eight is overruled.

■ The remaining points of error address the trial court's actions after sustaining what we find to be proper special exceptions, and we address them out of order in the interest of logic and brevity. The primary rule applicable to the instant case is that the trial court has great discretion in the matters before her court. *Kutch v. Del Mar College*, 831 S.W.2d 506, 510 (Tex.App.—Corpus Christi 1992, no writ). Thus, any complaint about the trial court's actions must meet the burden of showing an abuse of that discretion. The control of the court's docket is certainly within the discretionary province of the trial court. Appellant's complaint is based on her initial noncompliance with the trial court's order to amend her pleadings within 30 days. Appellant attempts to circumvent the failure to meet the court-ordered deadline by noting that the trial court's striking the objectionable parts of the pleadings was without prejudice to refile.

■ Two problems are readily apparent in this contention. First, it subverts the authority of a trial court's order by asserting that any noncompliance with a court order can be rectified by complying at any later time. If such were the case, no party would have any reason to comply with deadlines set by the trial court. We find no merit to this contention. Secondly, appellant perceives wrongly the legal effect of dismissals and mischaracterizes her own situation. Any dismissal order stating it is without prejudice to refile refers to refiling in a new cause of action, not simply filing an amended petition within the same cause. *See Ashpole v. Millard*, 778 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1989, no writ) (stating dismissal without prejudice means new suit must be filed unless motion to reinstate continues original suit); *United States Fidelity and Guaranty Co. v. Beuhler*, 597 S.W.2d 523, 524 (Tex.Civ.App.—Beaumont 1980, no writ) (noting that filing amended petition does not reinstate cause; suit must be brought *de novo*). Even so, the trial court dismissed at first only the references to damages, not the entire cause of action. We realize, however, that in effect this action left appellant with no cause of action at all. The parties, however, did not seem to recognize appellant's failure to state a cause of action until 1993, when appellees finally filed a motion to dismiss the suit entirely because appellant had no pleadings as to damages.

■ We find that the trial court's actions, while perhaps severe, are within the bounds of her discretion in managing her docket. The general rule regarding special exceptions states that if a party refuses to amend, the trial court may strike the objectionable part of the pleadings. *Ship Ahoy, Inc. v. Whalen*, 347 S.W.2d 662, 663 (Tex.Civ.App.—Houston 1961, no writ). If the remaining allegations in the petition fail to state a cause of action, then the trial court may dismiss the suit. *Geochem Lab., Inc. v. Brown & Ruth Lab. Inc.*, 689 S.W.2d 288, 290 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Such is the scenario in the instant case. Once appellant had no pleadings referring to damages, her cause of action for negligence

**48**

lacked a crucial element, damages. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990) (stating elements of negligence). Accordingly, the trial court properly dismissed the cause of action, albeit almost two years after the initial deadline to replead had passed. *See Eichelberger v. Balette*, 841 S.W.2d 508, 510 (Tex.App.—Houston [14th Dist.] 1992, no writ) (approving dismissal of action when party failed to amend pleadings after opponent's special exceptions were sustained), *cert. denied*, —— U.S. ——, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993). Thus, we cannot agree with appellant's argument that the trial court's action constitutes a sanction. Appellant simply failed to comply with the law concerning special exceptions, and the ultimate legal effect of such noncompliance was the trial court's striking her pleadings.

The test for abuse of discretion is whether the act of the trial court is wholly capricious and arbitrary, without any reasonable basis in law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). As stated above, the trial court gave notice of its intent to strike portions of the pleadings should appellant not meet the deadline. *See McConnell v. Memorial Const. Co.*, 821 S.W.2d 166, 168 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (noting in support of opinion approving striking of appellant's pleadings, appellant's notice of court order regarding docket control). Appellant voiced no objection to the length of time given. One area in which the trial court does not have any discretion is in the requirement that a party be given the opportunity to amend after special exceptions are sustained. Pleadings may absolutely not be struck upon sustaining special exceptions without giving the party an opportunity to amend. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). The trial court gave appellant this opportunity. Thus, we find the trial court had a reasonable basis upon which to take the action it did. Although we may disagree with the severity of the action, we cannot say that such action is so arbitrary as to warrant our finding an abuse of discretion. *See Granado v. Madsen*, 729 S.W.2d 866, 870–71 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.)

(stating rule that appellate court may not substitute its judgment for that of the trial court).

Having found the trial court's action to be within the bounds of her discretion, we overrule points of error one through seven and point of error nine.

The judgment of the trial court is affirmed.