**CONTINENTAL CASING CORPORATION, Appellant,**

v.

**SIDERCA CORPORATION and Siderca S.A.I.C., Appellees.**

Nos. 14–98–01153–CV, 14–99–01423–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 1, 2001.

Thomas M. Stanley, Houston, TX, for appellants.

Stephen G. Tipps, Jacalyn Ann Hollabaugh, Houston, TX, for appellees in No. 14–99–01423–CV.

Stephen G. Tipps, Houston, TX, for appellees in No. 14–98–01153–CV.

Panel consists of Chief Justice MURPHY and Justices AMIDEI [*] and HUDSON.

## CORRECTED OPINION

HUDSON, Justice.

This is a consolidated appeal from two lawsuits brought by appellant, Continental Casing Corporation ("Continental"), against appellees, Siderca Corporation and Siderca S.A.I.C. (collectively "Siderca"). In the first lawsuit, Continental asserted claims against Siderca for breach of contract, breaches of fiduciary duty and the duty of good faith and fair dealing, tortious interference, and misappropriation. The trial court granted Siderca's motion for summary judgment, and Continental appeals. We affirm the judgment as to all of Continental's claims except for its cause of action for breach of contract based upon certain purchase orders, as to which we reverse and remand to the trial court for further proceedings. In the second lawsuit, Continental asserted claims against Siderca on theories of fraud. Continental later attempted to amend its petition to include additional claims and parties. The trial court struck Continental's amended pleadings as untimely filed and granted summary judgment for Siderca based on the doctrine of res judicata. Continental appeals the trial court's orders striking

[*] Former Justice Maurice Amidei sitting by assignment.

Continental's amended pleadings and granting summary judgment in the second lawsuit. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Siderca S.A.I.C. owns and operates a mill in Argentina that manufactures, among other things, mechanical tubing. Siderca Corporation is a wholly owned subsidiary that represents Siderca S.A.I.C. in the United States. Continental is a distributor of pipe and mechanical tubing. In early 1994, Siderca and Continental began having discussions about the possibility that Continental might become a distributor of Siderca's mechanical tubing. During the course of these discussions, Continental prepared a one-page written agreement and forwarded a copy to Siderca. It is undisputed that this document was never signed, nor was there any other signed, written agreement between Continental and Siderca.

In October 1994, Continental's vice president, Dan Benditz, met with Siderca's president, Alfredo Indaco, to address certain concerns Continental had with respect to the parties' business dealings. According to Continental, Indaco confirmed at this meeting that the parties had an agreement encompassing the terms set forth in the document that had been forwarded to Siderca. Contrary to the terms of this oral agreement, Continental alleges that Siderca accepted and negotiated orders and sold mechanical tubing directly to Continental's customers and violated various other duties Siderca owed as a result of the parties' business relationship.

Between October 1994 and July 1996, Continental placed purchase orders for mechanical tubing with Siderca on behalf of one of Continental's customers, ABB Vetco ("Vetco"). According to Continental's petition, it incurred damages when Siderca failed to fulfill these orders in an appropriate or timely manner.

Continental filed suit against Siderca alleging breach of the parties' oral agreement, breach of the purchase orders obtained by Continental for Vetco, breach of fiduciary duty, breach of the duty of good faith and fair dealing, tortious interference with contract, tortious interference with prospective business relations, and misappropriation of proprietary and confidential information. On August 24, 1998, the trial court granted Siderca's motion for summary judgment and ordered that Continental take nothing on its claims. Continental filed its notice of appeal on September 22, 1998.

On October 5, 1998, Continental filed a second lawsuit against Siderca, alleging fraud, fraudulent inducement, fraudulent concealment, and non-disclosure. Continental's claims in the second lawsuit were based on various promises and representations allegedly made by Siderca during the parties' 1994 discussions and the October 1994 meeting between Benditz and Indaco. Siderca moved for summary judgment based on the doctrine of res judicata. At the trial court's suggestion, Siderca filed a special exception to Continental's First Amended Original Petition. The trial court granted Siderca's special exception and on May 3, 1999, ordered Continental, within seven days of the court's order, either to file an amended petition stating causes of action not barred by res judicata or to advise the trial court that it intended to stand on its current petition for purposes of the pending summary judgment motion.

Continental did not amend its petition within seven days of May 3, and Siderca renewed its motion for summary judgment on May 14, 1999, and set the motion for submission on June 7, 1999. On May 19, and then again on June 1, 1999, Continental filed amended petitions purporting to add new defendants and raise additional claims. The trial court granted Siderca's motion to strike these amended petitions. The court also granted Siderca's motion for summary judgment and ordered that Continental take nothing on its claims. Continental filed a motion for new trial,

which the trial court denied. Continental appeals the orders (1) striking Continental's amended pleadings, (2) granting Siderca's motion for summary judgment, and (3) denying Continental's motion for new trial. This Court granted Siderca's unopposed motion to consolidate the two appeals.

## CONTINENTAL'S FIRST LAWSUIT

On appeal from the summary judgment in its first lawsuit, Continental raises 18 points of error contending the trial court erred in granting summary judgment to Siderca for various reasons.

■ The standard for reviewing the granting of a motion for summary judgment is well established. Summary judgment is proper if the defendant, as the movant, disproves at least one element of each of the plaintiff's claims or establishes all elements of an affirmative defense to each claim. *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). The movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, proof favorable to the non-movant is taken as true and the court must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *See id.* at 548–49.

■ In the order granting summary judgment in favor of Siderca, the court did not state the specific grounds for its ruling. Therefore, we will affirm if any of the theories advanced in Siderca's motion for summary judgment are meritorious. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

### A. Continental's Contract Claims

*1. Breach of the alleged oral agreement*

■ In its first six points of error, Continental contends Siderca has failed to meet its summary judgment burden and that genuine issues of material fact surround the existence of an oral agreement between Continental and Siderca, and whether this alleged agreement is enforceable under the statutes of frauds found in the Uniform Commercial Code and the Civil Practice and Remedies Code.

Texas's version of the Uniform Commercial Code's statute of frauds is set forth in Section 2.201 of the Texas Business and Commerce Code. Section 2.201(a) states, in pertinent part:

> Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker....

TEX. BUS. & COM.CODE ANN. § 2.201(a) (Vernon 1994). The record contains no writing signed by Siderca or any authorized agent or broker evidencing the existence of an agreement. Thus, if the alleged agreement is subject to Section 2.201, it is unenforceable as a matter of law.

■ Whether a contract falls within the statute of frauds is a question of law. *Flo Trend Sys., Inc. v. Allwaste, Inc.,* 948 S.W.2d 4, 9 (Tex.App.—Houston [14th Dist.] 1997, no writ). Where a contract contains a mix of sales and services, the UCC applies if the sale of goods is the "dominant factor" or "essence" of the transaction. *See, e.g., WesTech Eng'g, Inc. v. Clearwater Constructors, Inc.,* 835 S.W.2d 190, 197 (Tex.App.—Austin 1992, no writ). Siderca necessarily concedes that the alleged agreement in this case contains a mix of sales and services. Thus, to determine whether the UCC statute of frauds applies in this case, we must decide whether the dominant factor or es-

sence of this alleged agreement is a "contract for the sale of goods."

The mechanical tubing to be supplied by Siderca is without question a "good" as defined by the UCC. *See* Tex. Bus. & Com. Code Ann. § 2.105. The UCC states that a "contract for sale" includes both a present sale of goods and a contract to sell goods at a future time. *Id.* § 2.106. The unsigned written "agreement" prepared by Continental and forwarded to Siderca states that Continental

> will engage in aggressive sales activity in all possible markets in the position as a "prime customer" of the works without direct commissions, renumeration or specific consideration; *rather, for the materials at a negotiated and agreed price and delivery on a case by case basis.*

(Emphasis added). Continental's witnesses testified that this form of agreement constituted the terms on which the oral agreement was subsequently founded.

Further, the alleged oral agreement is properly characterized as a distributorship agreement. Although no Texas case has discussed whether a distributorship agreement is a "contract for the sale of goods"

under the UCC, the overwhelming majority of jurisdictions that have considered the question have concluded that distributorship agreements are subject to the UCC.[1] We follow the majority rule in holding that the dominant factor or essence of the alleged agreement in this case was a contract for the sale of goods, and thus is subject to the UCC statute of frauds.

Accordingly, we overrule points of error three and four. Based on our disposition of these points, we need not consider points of error one, two, five, and six.

### 2. Breach of the Vetco purchase orders

■ In addition to its claim for breach of the alleged oral distributorship agreement, Continental also asserted that Siderca breached certain purchase orders for mechanical tubing that Continental had placed on behalf of its customer, Vetco. Siderca moved for summary judgment on the ground that this claim had been waived by Continental. In its seventh and eighth points of error, Continental asserts that Siderca failed to establish its entitlement to summary judgment on the affirmative defense of waiver and that genuine issues

1. The courts in at least 18 jurisdictions have applied the UCC to distributorship agreements. *See Intercorp, Inc. v. Pennzoil Co.*, 877 F.2d 1524, 1527–28 (11th Cir.1989) (applying Alabama law); *PCS Joint Venture, Ltd. v. Davis*, 219 Ga.App. 519, 465 S.E.2d 713, 714 (1995); *Paulson, Inc. v. Bromar, Inc.*, 775 F.Supp. 1329, 1333 (D.Haw.1991) (applying Hawaii law); *Monarch Beverage Co. v. Tyfield Imps., Inc.*, 823 F.2d 1187, 1190 (7th Cir. 1987) (applying Indiana law); *Corenswet, Inc. v. Amana Refrigeration, Inc.*, 594 F.2d 129, 134 (5th Cir.1979) (applying Iowa law); *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 45 F.Supp.2d 879, 885 (D.Kan.1999), *aff'd*, 231 F.3d 1284 (10th Cir.2000) (applying Kansas law); *Leibel v. Raynor Mfg. Co.*, 571 S.W.2d 640, 643 (Ky.Ct.App.1978); *Cavalier Mobile Homes, Inc. v. Liberty Homes, Inc.*, 53 Md. App. 379, 454 A.2d 367, 376 (Md.Ct.Spec. App.1983); *AKA Distrib. Co. v. Whirlpool Corp.*, 137 F.3d 1083, 1085 (8th Cir.1998) (applying Minnesota law); *Babst v. FMC Corp.*, 661 F.Supp. 82, 87–88 (S.D.Miss.1986) (applying Mississippi law); *Custom Communi-* *cations Eng'g, Inc. v. E.F. Johnson Co.*, 269 N.J.Super. 531, 636 A.2d 80, 84–85 (App.Div. 1993); *United Wholesale Liquor Co. v. Brown–Forman Distillers Corp.*, 108 N.M. 467, 775 P.2d 233, 235–36 (1989); *Sanyo Elec., Inc. v. Pinros & Gar Corp.*, 174 A.D.2d 452, 571 N.Y.S.2d 237, 238 (N.Y.App.Div.1991); *Artman v. International Harvester Co.*, 355 F.Supp. 482, 486 (W.D.Pa.1973) (applying Pennsylvania law); *Quality Performance Lines v. Yoho Auto., Inc.*, 609 P.2d 1340, 1342 (Utah 1980); *Glacier Optical, Inc. v. Optique Du Monde, Ltd.*, 816 F.Supp. 646, 652–53 (D.Or. 1993), *aff'd*, 46 F.3d 1141 (9th Cir.1995) (applying Washington law); *American Suzuki Motor Corp. v. Bill Kummer, Inc.*, 65 F.3d 1381, 1385–86 (7th Cir.1995) (applying Wisconsin law); *Meuse–Rhine–Ijssel Cattle Breeders of Can. Ltd. v. Y–Tex Corp.*, 590 P.2d 1306, 1309 (Wyo.1979). *But see Tile–Craft Prods. Co. v. Exxon Corp.*, 581 S.W.2d 886, 889 (Mo. Ct.App.1979) (concluding that a distributorship is not contemplated within the UCC definition of "goods").

of material fact exist which preclude summary judgment.

 Waiver is defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *United States Fid. & Guar. Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 357 (Tex.1971). Waiver is an affirmative defense that can be established by a party's express renunciation of a known right, or by silence or inaction for so long a period as to show an intention to yield the known right. *Tenneco Inc. v. Enterprise Prods. Co.,* 925 S.W.2d 640, 643 (Tex.1996). Waiver is largely a matter of intent; thus, for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n,* 1 S.W.3d 108, 111 (Tex.1999).

In its motion for summary judgment, Siderca relied solely upon the affidavit of Thomas Green, Siderca's sales manager for industrial products.[2] Nothing in Green's affidavit establishes that Continental expressly renounced a known right to file a claim for breach of the written purchase orders. Instead, Siderca contends that waiver is established by Continental's actions and by its unreasonable delay in asserting a claim.

Siderca relies on *Furr v. Hall,* 553 S.W.2d 666 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.), in which the court stated that silence or inaction may indicate intent of waiver provided that such silence or inaction is "coupled with knowledge of the right and with other circumstances, such as inaction for an unreasonable period of time, which evidence the intention to waive." *Id.* at 674. Siderca points to no case, however, defining an "unreasonable

period of time" for purposes of waiver. Indeed, Green's affidavit does not even speak to the amount of time that transpired between when Continental became aware of its right to file a claim and the filing thereof. In the context of determining whether a contract was performed within a "reasonable time," Texas courts have held that "[w]hat is a reasonable time depends on the circumstances in each case and requires a fact finding by the jury." *M.J. Sheridan & Son Co. v. Seminole Pipeline Co.,* 731 S.W.2d 620, 622 (Tex. App.—Houston [1st Dist.] 1987, no writ). Even if we accept Siderca's contention that Green's affidavit is uncontroverted, we cannot say that the evidence demonstrates as a matter of law that Continental intended to relinquish its right to file a claim for breach of the Vetco purchase orders.

Because we find Siderca failed to meet its summary judgment burden, we sustain point of error seven. Based upon this finding, we do not address point of error eight.

## B. Continental's Tort Claims

In its motion for summary judgment, Siderca argued that all of Continental's tort claims are barred as a matter of law under *Southwestern Bell Telephone Co. v. DeLanney,* 809 S.W.2d 493 (Tex.1991), and its progeny. Continental did not address this argument in its response to Siderca's summary judgment motion, nor did it address this issue in its appellate brief.

 As noted above, the order granting summary judgment in favor of Siderca did not state the specific grounds for the trial court's ruling. Where, as here, the trial court's judgment may have been based on a ground not specifically

---

2. Specifically, Siderca relies upon paragraph 4 of Green's affidavit, which states, in full:
To the extent that Continental's customer Vetco had any problems with the materials supplied by [Siderca], I worked with Continental in order to resolve the problems to Vetco's satisfaction. I was told by Sean O'Boyle of Continental that everything with Vetco was resolved. Accordingly, Continental paid in full the amount that it owed [Siderca] on all invoices related to Vetco. At no time did Continental object to paying the invoices, nor did it pay them with any reservation of its rights regarding the terms of the purchase orders.

challenged by the plaintiff, and there was no general assignment that the trial court erred in granting summary judgment,[3] the judgment must stand. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). This court may not reverse a trial court's judgment in the absence of properly assigned error. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990); *Evans v. First Nat'l Bank of Bellville*, 946 S.W.2d 367, 377 (Tex.App.—Houston [14th Dist.] 1997, writ denied). Accordingly, we overrule points of error nine through eighteen.

### CONTINENTAL'S SECOND LAWSUIT

On appeal from the summary judgment in its second lawsuit, Continental raises six points of error, contending that the trial court erred (1) by granting summary judgment to Siderca on its affirmative defense of res judicata; (2) by striking Continental's Second and Third Amended Original Petitions; and (3) by disregarding parties who purportedly had been joined by Continental's amended pleadings and had filed appearances in the second lawsuit.[4] Because the trial court granted summary judgment based upon Continental's First Amended Original Petition, we must first consider whether it was error for the court to strike Continental's later amended pleadings.

### A. Order Striking Continental's Amended Pleadings

In its fourth and fifth points of error, Continental claims the trial court erred in striking its Second and Third Amended Original Petitions. The trial court granted Siderca's motion to strike Continental's amended pleadings "as untimely filed without leave." This order was based upon the trial court's May 3, 1999 order granting Siderca's special exception and ordering Continental either to amend its pleadings within seven days or to inform the court that Continental would stand on its current pleadings for purposes of Siderca's pending motion for summary judgment.

Continental contends the court's order granting the special exception was vague and indefinite because the copy of the order that was delivered to the parties was not dated and did not affirmatively state when the order was issued. The record reflects, however, that the copy of the order within the court's file had a date stamp of May 3, 1999; the court's docket sheet indicates that the order was signed on May 3, 1999; a copy of the order was delivered to all counsel of record attached to a letter dated May 3, 1999; and a postcard notice that the order had been signed on May 3 was mailed to all counsel of record on May 4, 1999. A party is generally charged with notice of all orders that are rendered affecting the case. *See Mayad v. Rizk*, 554 S.W.2d 835, 838–39 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). Here, Continental's counsel was chargeable with notice that the order was entered on May 3, 1999.

Continental next argues that the trial court's order granting Siderca's special exception could not serve as a basis for an order striking the amended pleadings. Continental contends that under TEX.R. CIV. P. 63, governing amended pleadings, leave of the court is required only when a

---

3. None of Continental's eighteen points of error adopt the form for a general assignment of error suggested by the Texas Supreme Court in *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). Furthermore, none of the ten specific points of error that relate to Continental's tort claims address Siderca's claim that Continental's tort causes of action are barred as a matter of law under the holding of *DeLanney*. Instead, Continental's points of error nine through eighteen assert either that Siderca "failed to establish as a matter of law that no material issue of fact exists" as to one of Continental's tort claims or that "the summary judgment proof raised a material fact" as to that claim.

4. In its notice of appeal, Continental also states that it appeals from the denial of its motion for new trial. Because this issue has not been set forth in Continental's brief, it has been waived. TEX.R.APP. P. 38.1(e); *Vawter*, 786 S.W.2d at 264.

pleading is filed within seven days of trial or after a deadline set forth in a docket order or discovery control plan. We disagree.

■ As we stated in *Cruz v. Morris,* 877 S.W.2d 45 (Tex.App.—Houston [14th Dist.] 1994, no writ), the trial court has great discretion in matters before it, including the control of its own docket. Thus, Continental's complaint must meet the burden of showing an abuse of that discretion. *Id.* at 47. In *Cruz,* we held that an order striking an amended petition which had been filed outside of a court-ordered deadline was within the trial court's discretion. In rejecting the appellant's argument that she was within her rights to amend because the trial court's order did not affirmatively state that it was with prejudice to refile, we noted:

> [The appellant's argument] subverts the authority of a trial court's order by asserting that any noncompliance with a court order can be rectified by complying at any later time. If such were the case, no party would have any reason to comply with deadlines set by the trial court.

*Id.* Similarly, Continental's argument subverts the trial court's authority by asserting that Continental's noncompliance with a court-ordered deadline is excused by instead complying with the Texas Rules of Civil Procedure. Under Continental's reasoning, any court order that conflicts in some way with a procedural rule would be unenforceable unless the order expressly negated the rule. We decline to adopt such an onerous requirement. Continental's fourth and fifth points of error are overruled.

**B. Additional Parties**

■ In its sixth point of error, Continental asserts the trial court erred in striking its amended pleadings or, in the alternative, in granting a "final" summary judgment, because the trial court's order granting Siderca's special exception does not expressly state that it affects Conti-

nental's right to join additional parties as defendants. Continental argues that the court could not disregard those additional defendants that had been joined by amendments in accordance with Rule 63 and, in some cases, had answered.

For the reasons stated above, we find that the trial court did not abuse its discretion in striking Continental's amended pleadings. Having struck the pleadings that purported to join additional defendants, the answers or other pleadings filed by such "defendants" were not entitled to consideration by the trial court. *See Daca, Inc. v. Commonwealth Land Title Ins. Co.,* 822 S.W.2d 360, 363 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (holding that "filing an answer ... does not invoke the status as a defendant in plaintiff's lawsuit"). We overrule point of error six.

**C. Res Judicata**

■ Having concluded that the trial court did not err in striking Continental's untimely filed amended pleadings, we now turn to the court's order granting summary judgment. In points of error one and two, Continental contends that the trial court erred in granting summary judgment on the affirmative defense of res judicata. The only asserted ground in Siderca's motion for summary judgment in the second lawsuit was the doctrine of res judicata. A summary judgment may be upheld on appeal on only those grounds expressly set out in the motion for summary judgment. *Clemons v. State Farm Fire & Cas. Co.,* 879 S.W.2d 385, 389–90 (Tex.App.—Houston [14th Dist.] 1994, no writ). Siderca, as movant, had to establish all elements of the affirmative defense of res judicata as a matter of law. In determining whether Siderca met this burden, we must take as true all evidence favorable to Continental, resolving all doubts and indulging all reasonable inferences in favor of Continental. *See Sommers v. Concepcion,* 20 S.W.3d 27, 37 (Tex.App.—Houston [14th Dist.] 2000, pet. denied).

■ Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996). To establish the application of res judicata, a party must show the following elements:

(1) a prior final judgment on the merits by a court of competent jurisdiction;

(2) identity of parties or those in privity with them; and

(3) a second action based on the same claims as were raised or could have been raised in the first action.

*Id.* There is no dispute that the second element (identity of parties) is met in this case.

■ Generally, a judgment that is reversed on appeal no longer has the finality necessary for the application of res judicata. *See J.J. Gregory Gourmet Servs., Inc. v. Antone's Imp. Co.*, 927 S.W.2d 31, 34 (Tex.App.—Houston [1st Dist.] 1995, no writ). With respect to the first lawsuit, however, the trial court's error affected only Continental's claim for breach of the Vetco purchase orders. Whereas this claim is based on specific, written purchase orders or other written agreements, all of Continental's other claims in the first lawsuit revolve around the alleged oral distributorship agreement and any duties that may have arisen therefrom. We conclude that Continental's claim for breach of the Vetco purchase orders is severable from the remainder of Continental's claims without unfairness to the parties. Accordingly, we reverse the trial court's judgment in the first lawsuit only as to the cause of action for breach of the written purchase orders, Tex.R.App. P. 44.1(b), and we find the first lawsuit constitutes a "prior final judgment on the merits" with respect to all remaining claims. *Cf. Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312–13 (Tex.1994) (noting that the court may make a judgment final for purposes of appeal by severing the causes and parties disposed of by the judgment).

■ In its motion for summary judgment, Siderca asserted that all of the claims raised in Continental's second lawsuit could have been brought in the first lawsuit, and thus the claims in Continental's second lawsuit are precluded under *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex.1992). The doctrine of res judicata prevents a party from relitigating claims that have been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the first suit. *Id.* at 628.

The fraud claims raised in Continental's second lawsuit are based upon alleged promises and representations that were made during the same negotiations and discussions on which Continental relies for its claim of an oral agreement in the first lawsuit. A comparison of Continental's pleadings in the two lawsuits reveals that the underlying facts are virtually identical. Both of Continental's petitions allege that Continental and Siderca reached an agreement in 1994 regarding Continental's role in selling Siderca products, and that Siderca made various statements during that time regarding its obligations to Continental. Both petitions claim that Continental then acted in reliance on these statements, to its detriment. In both petitions, Continental claims that it was harmed when Siderca began directly contacting and accepting orders from Continental's customers. Continental's alleged damages—lost sales and loss of business relationships—are the same in both lawsuits.

The only new facts presented in Continental's second lawsuit relate to allegedly secret meetings that took place between Siderca and two other tubing manufacturers. The summary judgment evidence conclusively established, however, that the existence of such meetings was disclosed both in depositions and through documents produced by Siderca while the first lawsuit was pending. Because any claims based

upon these allegedly "new" facts could have been brought, through the use of diligence, in the first lawsuit, Continental is precluded from raising them now. *See Barr*, 837 S.W.2d at 628.

We hold that Siderca has established the elements of its affirmative defense of res judicata as a matter of law. We overrule points of error one and two.

 In its third point of error, Continental asserts that a material issue of fact exists on Continental's pleading of estoppel, precluding summary judgment. Continental cites no authority, however, to establish that a plaintiff's plea of estoppel automatically acts as a bar against the affirmative defense of res judicata. Furthermore, estoppel is an affirmative defense. Once Siderca satisfied its burden of establishing its entitlement to judgment as a matter of law on its affirmative defense of res judicata, Continental was required to present summary judgment proof to the trial court to establish a fact issue sufficient to defeat Siderca's motion. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). In its response to Siderca's summary judgment motion, Continental asserts only that the documents giving Continental its first notice of Siderca's alleged fraudulent conduct were not produced until less than 30 days before the hearing on Siderca's motion for summary judgment in the first lawsuit. Continental failed to present any evidence or argument to the trial court raising a fact issue as to why Siderca should be barred from asserting res judicata based on "concealed" facts that were in fact indisputably disclosed by Siderca during the pendency of the first lawsuit. We overrule Continental's third point of error.

## CONCLUSION

For the reasons stated, we affirm the trial court's judgment in the first lawsuit as to all of Continental's causes of action except for its claim that Siderca breached purchase orders placed by Continental on behalf of its customer, Vetco. With respect to this claim, the summary judgment is reversed, and we remand that portion of the judgment to the trial court for further proceedings. As to the second lawsuit, we affirm the summary judgment.