Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



SYLVIA V. RODRIGUEZ,

                            Appellant,

v.

ELIZABETH LUSK, ET VIR.
BRANDON LUSK,

                            Appellees.

§

§

§

§

§

No. 08-03-00385-CV

Appeal from the

161st District Court

of Ector County, Texas

(TC#B-113,859)




MEMORANDUM OPINION
           Sylvia V. Rodriguez bought a house in Odessa, Texas from Elizabeth and Brandon
Lusk. Rodriguez claims that she later discovered that the house does not have an
adequate source of water. She and her husband sued the Lusks, asserting several causes
of action, including common-law and statutory real-estate fraud. The trial court granted
the Lusks’ motion for a no-evidence summary judgment. Rodriguez appeals the summary
judgment on the fraud claims.


 We reverse and remand.

Summary Judgment Evidence
Affidavit of Sylvia V. Rodriguez
           In her affidavit, Rodriguez stated that after she purchased the house, she
discovered that no well water is available. Water will come out of a faucet strongly for
about a minute, but then it ceases to flow or the flow is at a minimum. To obtain city
water, she would have to dig under a public street or a neighbor’s yard. According to
Rodriguez, it would cost approximately $4,000 to run a pipe to the city water system and
she did not know if that could even be done within a reasonable amount of time.
           Rodriguez stated that she speaks very little English, does not read English, and
depends on an interpreter. She completed the third grade in Mexico. Rose M. Rodriguez
was the realty agent who represented her when she purchased the house, and Trower Real
Estate represented the Lusks. Rhonda Brown, who worked for Trower, did not speak
Spanish. Rodriguez stated that no one literally interpreted the contract for purchase and
sale of the house for her and no one explained to her that she had seven days to terminate
the contract.


 She also claimed that when she toured the house, it was represented to her
that all its facilities worked and she relied on this representation by Rose Rodriguez and
Trower Real Estate.
 

Affidavit of W.D. Parker
           W.D. Parker lives across the street from the house that Rodriguez bought. She
stated that she did not know Rodriguez before Rodriguez bought the house. Parker
claimed:
On one occasion, Brandon Lusk walked across the street, to my
property, to use the water on my property to wash his paint brushes. At that
time, I asked if he would be interested in assisting to place a water line. He
indicated he would not. At that time, he told me the water well was not
working at [the house purchased by Rodriguez]. 

Elizabeth Lusk’s Deposition Testimony
           Elizabeth Lusk testified that she never lived in the house, but she had been in the
house over one-hundred times for purposes of renovating it. While cleaning, she turned
on the water long enough to fill a tub. Lusk testified that no one ever told her that there
was a water problem at the house. She did not have the water well tested by a hydrologist
or other specialist. Lusk knew that some of the neighbors had city water, but she had
never met any of the neighbors. Lusk testified that she does not speak Spanish and that
she never had any contact with Rodriguez. Rhonda Brown of Trower Real Estate
represented Lusk in the transaction.
Brandon Lusk’s Deposition Testimony
           Brandon Lusk testified that he installed a new pump in the well so it would be in
“tip-top shape.” After making this change, he did not test how many gallons the well
would run per minute, nor did he run water for any extended period of time. The largest
vessel that he filled using the well was a bathtub. He did not hire a hydrologist or any
type of water-well specialist. He had experience working on water wells because he
worked on ranches for many years.
           Lusk testified that he had hardly any contact with the neighbors near the house, but
on one occasion a neighbor walked across the street and talked to him. Lusk knew that
the houses across the street received water from a water district. Although he checked to
see if he could get city water and was told that he could, he did not pursue this option
because the well was working fine. He testified that no one ever told him that there was a
shortage of water in the area where the house was located. But he stated in general that
“in West Odessa the water is give or take.”
           Lusk did not recall ever meeting Rodriguez or talking with her on the phone. 
After they entered into the contract for the purchase and sale of the house, he let
Rodriguez’s husband into the house on one occasion and spoke with him just long enough
to invite him into the house. Lusk does not speak Spanish.
Seller’s Disclosure Notice
           Elizabeth Lusk signed a Seller’s Disclosure Notice. She failed to respond to a
question asking for the source of the property’s water supply and a question asking
whether she was aware of any condition on the property that would materially affect the
health or safety of an individual. The Notice asked whether Lusk was “aware of any
item, equipment, or system in or on the Property that is in need of repair, which has not
been . . . disclosed in this notice.” Lusk answered this question, “No.”
Affidavit of Rose M. Rodriguez
           Rose M. Rodriguez was the realty agent who represented Sylvia Rodriguez in the
purchase of the home. In her affidavit, she stated that she speaks Spanish fluently and
that she explained the contract and the closing documents to Sylvia Rodriguez in detail. 
Standard of Review
           We apply a de novo standard of review to summary judgments. Bowen v. El Paso
Elec. Co., 49 S.W.3d 902, 904 (Tex. App.--El Paso 2001, pet. denied). Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same
legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict. Id. at 904-05; Wyatt v. Longoria, 33 S.W.3d 26, 31 (Tex.
App.--El Paso 2000, no pet.). Thus, a no-evidence summary judgment is improper if the
nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of
material fact. Forbes Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex.
2003). More than a scintilla of evidence exists if the evidence would allow reasonable
and fair-minded people to differ in their conclusions. Id. Less than a scintilla of evidence
exists when the evidence is so weak as to do no more than create a mere surmise or
suspicion of a fact. Id. We view the evidence in the light most favorable to the
nonmovant. Id.
           When the summary judgment motion asserts that there is no evidence to support 
more than one element of a cause of action, and the trial court grants the motion without
specifying the element as to which there is no evidence, we must affirm if there is no
evidence to support any one of the elements challenged in the motion. See Wyatt, 33
S.W.3d at 30.
Discussion 
           The elements of common-law fraud are: (1) a material misrepresentation; (2) that
was either known to be false when made or was asserted without knowledge of its truth;
(3) that was intended to be acted upon; (4) that was relied upon; and (5) that caused
injury. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Rubalcaba v.
Pacific/Atlantic Crop Exchange, 952 S.W.2d 552, 555-56 (Tex. App.--El Paso 1997, no
pet.). A principal is liable for an agent’s fraud committed within the scope of the agency. 
Hedley Feedlot, Inc. v. Weatherly Trust, 855 S.W.2d 826, 837 (Tex. App.--Amarillo
1993, writ denied). But see Tex. Occ. Code Ann. § 1101.805(d) (Vernon 2004) (stating
that a party is not liable for a misrepresentation made by a realty agent unless the party
knew of the falsity of the representation and failed to disclose it). A plaintiff may use
direct or circumstantial evidence to prove that a defendant knew of the falsity of a
representation. Johnson & Higgins, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 526
(Tex. 1998).
           The elements of statutory real-estate fraud are: (1) a material misrepresentation;
(2) that was made to induce a person to enter a contract; (3) that was relied upon by the
person in entering the contract; and (4) that caused injury. Tex. Bus. & Com. Code Ann.
§ 27.01(a)(1) (Vernon 2002); Robbins v. Capozzi, 100 S.W.3d 18, 26 (Tex. App.--Tyler
2002, no pet.); Larsen v. Carlene Langford & Assocs., 41 S.W.3d 245, 249 (Tex. App.--Waco 2001, pet. denied); Scott v. Sebree, 986 S.W.2d 364, 371 (Tex. App.--Austin 1999,
pet. denied). To recover for statutory fraud, the plaintiff need not establish that the
defendant had actual awareness of the falsity of the representation, unless the plaintiff is
seeking exemplary damages. Tex. Bus. & Com. Code Ann. § 27.01(c); Robbins, 100
S.W.3d at 26; Larsen, 41 S.W.3d at 249; Scott, 986 S.W.2d at 371. The plaintiff must
also prove that the defendant had actual awareness of the falsity of the representation if
the plaintiff is seeking exemplary damages based on a misrepresentation made by
someone other than the defendant. Tex. Bus. & Com. Code Ann. § 27.01(d); Woodlands
Land Dev. Co. v. Jenkins, 48 S.W.3d 415, 426 (Tex. App.--Beaumont 2001, no pet.); see
also Tex. Occ. Code Ann. § 1101.805(d).
           In their summary judgment motion, the Lusks asserted that there was no evidence
that a representation was made or that they had knowledge that the water source was
inadequate. The trial court granted the Lusks’ motion in its entirety without stating which
grounds it found to be meritorious.
           As noted above, the Seller’s Disclosure Notice asked whether the seller was
“aware of any item, equipment, or system in or on the Property that is in need of repair,
which has not been . . . disclosed in this notice.” It is undisputed that Elizabeth Lusk
answered this question, “No.” Furthermore, Sylvia Rodriguez stated in her affidavit that
she relied on a representation by Trower Real Estate that all the facilities at the house
worked. It is undisputed that Trower Real Estate represented the Lusks in the transaction. 
 Thus, there is more than a scintilla of evidence that the Lusks represented that the well
was in working order.
           W.D. Parker testified that Brandon Lusk told her that the well was not working. 
The Lusks point out that Parker’s affidavit was not oriented as to time. They assert that
Brandon Lusk’s conversation with Parker probably occurred before he repaired the well
or while the repairs were ongoing. They speculate that if the well did not work after it
was repaired, they would have had to use Parker’s water on more than one occasion, but
her affidavit only indicates that Brandon Lusk used her water on one occasion.
           The Lusks’ argument construes the evidence in the light most favorable to them. 
We, however, must view the evidence in the light most favorable to Rodriguez. Forbes,
124 S.W.3d at 172. Accordingly, we find the Lusks’ argument unconvincing.
            Parker’s affidavit provides more than a scintilla of evidence that Brandon Lusk
knew the well did not work. When the affidavit is combined with Elizabeth Lusk’s
testimony that she had been in the house over one-hundred times for purposes of
renovating it and that she turned on the water when she was at the house, there is also
more than a scintilla of evidence that Elizabeth Lusk knew that the well did not work.
           In their appellate brief, the Lusks argue that there is no evidence that any
representation was made with the intent that it be acted on or that Rodriguez acted in
reliance on any representation. Neither of these grounds was included in the Lusks’
summary judgment motion. Therefore, we will not consider them on appeal. See Cont’l
Casing Corp. v. Siderca Corp., 38 S.W.3d 782, 791 (Tex. App.--Houston [14th Dist.]
2001, no pet.); see also Tex. R. Civ. P. 166a(i) (“The motion must state the elements as to
which there is no evidence.”).
Conclusion
           For the reasons stated herein, the issue on appeal is sustained, the judgment of the
trial court is reversed as to Sylvia V. Rodriguez, and the cause is remanded for further
proceedings consistent with this opinion.
 
                                                                  SUSAN LARSEN, Justice
October 14, 2004

Before Panel No. 1 
Larsen, McClure, and Chew, JJ.