COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-314-CV
  
  
GARY 
FORD AND BLINDA FORD                                           APPELLANTS
  
V.
  
PERFORMANCE 
AIRCRAFT SERVICES, INC.                               APPELLEES
AND 
ROBERT JONES
 
  
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        This 
case involves the propriety of the trial court’s order dismissing appellants 
Gary and Blinda Ford’s negligence, failure to warn, and strict liability 
claims against appellees Performance Aircraft Services, Inc. and Robert Jones 
for the Fords’ failure to amend their pleadings within the time specified by 
the trial court. In four issues, the Fords contend that the trial court abused 
its discretion by sustaining appellees’ special exceptions to the Fords’ 
petition, dismissing the Fords’ case without trying lesser sanctions first, 
and dismissing the Fords’ case in light of their untimely first amended 
petition, which was filed before the trial court entered its dismissal order, 
and that it denied them due process. We affirm.
Background Facts
        The 
Fords filed suit against appellees alleging negligence, failure to warn, and 
strict liability in connection with Performance Aircraft’s use of chemicals to 
clean airplane parts in a hangar where Gary Ford worked.[1]  
Appellees filed special exceptions to the Fords’ petition, alleging that the 
petition failed to state the maximum amount of damages pled in accordance with 
Texas Rule of Civil Procedure 47; that it failed to give fair notice of the 
Fords’ claims against Jones, the president of Performance Aircraft, because it 
did not allege any facts that would support imposing liability upon Jones in his 
individual capacity; and that it did not give appellees fair notice of the 
products the Fords claimed were defective. The trial court granted appellees’ 
special exceptions and gave the Fords nine months to replead. The trial 
court’s order stated that if the Fords failed to replead within nine months, 
the case would be dismissed automatically.
        Eleven 
days after the nine-month deadline for repleading, on June 16, 2004, the Fords 
filed a motion to extend the time to amend the petition and to retain the case 
on the court’s docket.[2]  In their motion, the 
Fords contended that they missed the deadline due to their counsel’s 
inadvertence in failing to calendar the deadline. Thus, they acknowledged that 
they failed to timely replead but asked the court not to dismiss their case 
because their failure was due to accident or mistake.[3]  
The Fords filed a first amended petition on June 23, 2004.
        At 
the hearing on the Fords’ motion, the Fords’ attorney testified that during 
the nine-month period, the Fords and appellees were trying to work out discovery 
issues.  In addition, he testified that this case was also the subject of 
an ongoing workers’ compensation claim in Louisiana and that the Louisiana 
case had taken precedence over this case since the beginning of 2004.  
Counsel did not discover that the deadline had been missed until June 16, when 
he received a copy of a letter from opposing counsel to the trial court asking 
the court to sign a judgment of dismissal.
        Appellees’ 
counsel “stipulate[d] [to] mistake within the Craddock standard,” but stated 
that “[t]he only reason we are here today is they [the Fords] still have not 
pleaded in conformity with the order granting the special exceptions.” 
Specifically, he contended that the untimely amended petition did not state the 
allegedly defective products with sufficient specificity and asked the court to, 
“at a minimum, dismiss[] . . . the claims as they relate to the product 
allegations.”
        The 
trial court determined that the case had been dismissed automatically on June 5, 
2004 “due to [the Fords’] failure to replead their Petition” and signed an 
order dismissing the case without prejudice.
Analysis
        In 
their first, second, and third issues, the Fords claim that the trial court 
abused its discretion in sustaining the special exceptions and in dismissing the 
case.
        Review 
of a trial court’s dismissal of a case based on the grant of special 
exceptions requires examination of two distinct rulings: 1) the decision to 
sustain the special exceptions; and 2) the decision to dismiss the cause of 
action. Mowbray v. Avery, 76 S.W.3d 663, 678 (Tex. App.—Corpus Christi 
2002, pet. denied). If the decision to sustain the special exceptions was 
proper, we then review whether the decision to dismiss was appropriate. Id. 
An appellant must specifically challenge both rulings or face waiver of the 
respective issue not challenged. Id. Thus, we will initially address the 
Fords’ first issue challenging the trial court’s decision to grant 
appellees’ special exceptions.
        Our 
supreme court has held that
 
Texas follows a “fair notice” standard for pleading, which looks to whether 
the opposing party can ascertain from the pleading the nature and basic issues 
of the controversy and what testimony will be relevant. . . . “A petition is 
sufficient if it gives fair and adequate notice of the facts upon which the 
pleader bases his claim. The purpose of this rule is to give the opposing party 
information sufficient to enable him to prepare a defense.”
 
Horizon/CMS 
Healthcare Corp. v. Auld, 34 S.W.3d 887, 896-97 (Tex. 2000) (quoting Roark 
v. Allen, 633 S.W.2d 804, 810 (Tex. 1982)); see Tex. R. Civ. P. 45, 47.  A party 
may object to a defect of form or substance in a pleading by special exceptions, 
which must “point out intelligibly and with particularity the defect, 
omission, obscurity, duplicity, generality, or other insufficiency in the 
allegations in the pleading excepted to.” Tex. R. Civ. P. 90, 91.
        We 
review a trial court’s order sustaining special exceptions for abuse of 
discretion. Mowbray, 76 S.W.3d at 678.  The test for abuse of 
discretion is whether the court acted without reference to any guiding rules and 
principles or whether the act was arbitrary and unreasonable. Downer v. 
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial 
court has broad discretion in ruling on special exceptions.  Mowbray, 
76 S.W.3d at 678-79.
        Appellees’ 
first special exception objected to the Fords’ failure to state the maximum 
amount of monetary damages sought in their petition.  This is a proper 
special exception; therefore, the trial court did not abuse its discretion in 
sustaining it.  See Tex. R. 
Civ. P. 47; McCaskell v. Methodist Hosp., 856 S.W.2d 519, 520 
(Tex. App.—Houston [1st Dist.] 1993, no writ).
        Appellees’ 
second special exception complains that the Fords’ original petition does not 
give fair notice of the Fords’ claims against Jones because it does not allege 
any facts upon which Jones would be liable in his individual capacity for 
actions taken in his official capacity as president of Performance Aircraft, nor 
does it state any theory upon which the Fords seek to hold Jones liable in an 
individual capacity.  The only places in which Jones is named in the 
original petition are the preamble, the paragraph providing his address for 
service, and the closing asking for a trial.  Although the original 
petition refers to “Defendants” throughout, the introduction to the part of 
the negligence paragraph setting out specific acts and omissions states that 
“Defendant Performance Aircraft Services, Inc. and its servants, employees and 
agents, acting within the course and scope of their employment” were negligent 
with respect to the listed acts and omissions.  Nothing in the original 
petition indicates on what basis the Fords sought to impose liability on Jones 
in his individual capacity.  Cf. Schlueter v. Carey, 112 S.W.3d 164, 
169 (Tex. App.—Fort Worth 2003, pet. denied) (liberally construing pleading 
alleging that businesses were owned by same person and had not been operated as 
separate entities as alleging liability under alter ego theory in absence of 
special exception).  We hold that the trial court did not abuse its 
discretion in sustaining appellees’ second special exception.
        Appellees’ 
third special exception contends that the Fords’ original petition does not 
give fair notice of the products that the Fords claim are defective; thus, 
appellees have no way of notifying the manufacturers of those products that a 
strict products liability case has been filed against appellees.  See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 82.002 (Vernon 2005) (providing for indemnification of seller of defective 
products by manufacturer).  Knowing the specific products that the Fords 
allege appellees were negligent in exposing Gary to is information necessary to 
appellees’ ability to defend against the allegation.  For instance, 
appellees might contend that they did not use the alleged products.  In 
addition, to obtain indemnification from the manufacturers of the products, 
appellees would need to know which products the Fords allege caused Gary’s 
chemical sensitivities so that they could identify the manufacturers.  
Accordingly, we hold that the trial court did not abuse its discretion in 
sustaining appellees’ third special exception.  We overrule the Fords’ 
first issue.
        Having 
determined that the trial court did not abuse its discretion in sustaining 
appellees’ special exceptions, we next address whether the trial court abused 
its discretion in dismissing the case.  A trial court may not dismiss a 
case after sustaining special exceptions without first giving the nonexcepting 
party an opportunity to amend its pleadings.  Friesenhahn v. Ryan, 
960 S.W.2d 656, 658 (Tex. 1998); Marts v. Transp. Ins. Co., 111 S.W.3d 
699, 706 (Tex. App.—Fort Worth 2003, pet. denied).  The nonexcepting 
party may then either 1) amend the pleadings to cure the defect or 2) stand on 
the pleadings and test the trial court’s decision on appeal.  Mowbray, 
76 S.W.3d at 678.  If the pleader fails or refuses to amend the pleading, 
the trial court may dismiss the case.  Holt v. Reproductive Servs., Inc., 
946 S.W.2d 602, 604 (Tex. App.—Corpus Christi 1997, writ denied); Cole v. 
Hall, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism’d w.o.j.) 
(en banc).  If the remainder of the pleading does not state a cause of 
action, the trial court does not err in dismissing the entire case.  Mowbray, 
76 S.W.3d at 678; Cole, 864 S.W.2d at 566.  The right to amend does 
not extend to the privilege of multiple opportunities to amend in the face of 
repeated grants of special exceptions.  Mowbray, 76 S.W.3d at 678.
        The 
Fords contend the trial court abused its discretion in dismissing the case 
because it did not attempt lesser sanctions first and because they filed a first 
amended petition after the nine-month deadline but before the trial court signed 
an order of dismissal.  We disagree.
        This 
case is very similar to that of Cruz v. Morris, 877 S.W.2d 45 (Tex. 
App.—Houston [14th Dist.] 1994, no writ).  In that case, the trial court 
sustained the appellee’s special exception challenging the failure of the 
appellant’s pleading to state the maximum amount of damages claimed.  Id. 
at 46.  The trial court ordered the appellant to replead within thirty days 
or face dismissal of the damages parts of her pleading  Id.  
The appellant failed to file an amended pleading within the thirty-day period, 
and the trial court dismissed the sections of her pleadings related to 
damages.  Id.
        One 
day after the dismissal, the appellant filed an amended pleading setting out 
specific damages amounts. Id. She later filed a motion to reinstate the 
parts of her pleading that the trial court had stricken, arguing that her 
failure to replead was “due to clerical error and attorney oversight, not a 
conscious intent to disregard the order.”  Id.  The trial 
court denied the motion.  Id.  The appellees did not file a 
motion to dismiss the appellant’s pleadings until over a year later when the 
appellant filed a first supplemental petition increasing the damages amounts she 
was claiming.  Id.  At that time, the appellees moved to 
dismiss both petitions, and the trial court granted the motion because without 
any damages allegations, the appellant’s pleadings failed to state a cause of 
action.  Id.
        The 
Houston Fourteenth District Court of Appeals held that “the trial court’s 
actions, while perhaps severe, [were] within the bounds of her discretion in 
managing her docket.”  Id. at 47.  The appellate court noted 
that the trial court gave the appellant notice that it would strike the damages 
portions of the pleading if she did not comply with the repleading deadline, 
that the appellant did not object to the length of time given to replead, and 
that the trial court had fulfilled its obligation to allow the appellant an 
opportunity to replead.  Id. at 48.  The appellate court 
stated, “Although we may disagree with the severity of the action, we cannot 
say that such action is so arbitrary as to warrant our finding an abuse of 
discretion.”  Id.
        Later, 
the Houston Fourteenth court relied on Cruz in Continental Casing 
Corp. v. Siderca Corp., 38 S.W.3d 782, 790-91 (Tex. App.—Houston [14th 
Dist.] 2001, no pet.), in which it held that the trial court did not abuse its 
discretion in striking Continental’s second and third petitions for failure to 
replead within seven days as ordered by the trial court.  Although 
Continental argued that its untimely repleading should be excused because the 
trial court’s order giving it seven days to replead was undated and “did not 
affirmatively state when the order was issued,” the appellate court held that 
it was not excused because “Continental’s counsel was chargeable with 
notice” of the date the order was issued.  Id. at 790.  Thus, 
the appellate court held that the trial court did not abuse its discretion in 
striking Continental’s petitions. Id. at 791.
        We 
find the facts of this case to be similar to those of Cruz and Continental. 
Although in Cruz the appellant filed her late repleading one day after 
the trial court had already entered an order dismissing the case, we do not 
consider that difference dispositive. See Cruz, 877 S.W.2d at 46. The 
Fords’ first amended petition—although filed before the trial court signed a 
dismissal order—was untimely pursuant to the trial court’s repleading order, 
which specifically stated that the case would be dismissed automatically if the 
Fords did not meet the deadline. Thus, the trial court had discretion whether to 
consider the late-filed amended petition. See Continental, 38 S.W.3d at 
790-91.
        In 
addition, we note that the Fords’ first amended petition omitted Jones as a 
party and did not include a maximum amount of damages claimed as to their strict 
products liability cause of action. Thus, their first amended petition was 
subject to further special exceptions and also evidenced an intent to nonsuit 
the Fords’ claims against Jones individually. See Webb v. Jorns, 488 
S.W.2d 407, 409 (Tex. 1972) (stating rule that amended petition omitting a 
defendant operates as a voluntary dismissal as to that party); Cigna Ins. Co. 
v. TPG Store, Inc., 894 S.W.2d 431, 434 (Tex. App.—Austin 1995, no writ) 
(same).
        Accordingly, 
we hold that the trial court did not abuse its discretion in dismissing the case 
after the Fords failed to replead within the nine-month deadline set by the 
trial court. We overrule the Fords’ second and third issues.
        In 
their fourth issue, the Fords contend that the trial court’s dismissal of 
their case violated their due process rights under article I, sections 13 and 19 
of the Texas Constitution. Article I, section 13, the “open courts 
provision,” guarantees that persons bringing common-law claims will not 
unreasonably or arbitrarily be denied access to the courts. Tex. Const. art. I, § 13; Gilbert v. 
Bartel, 144 S.W.3d 136, 145 (Tex. App.—Fort Worth 2004, pet. denied). 
“The interpretation of this clause has been limited to considering the effect 
a statutory remedy has on a common law cause of action.” Sage v. Wong, 
720 S.W.2d 882, 885 (Tex. App.—Fort Worth 1986, writ ref’d n.r.e.). It 
guards against legislative bodies arbitrarily withdrawing all legal remedies 
from a person having a cause of action well established and well defined in the 
common law. Id.; see also Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 
2001) (“[T]he Legislature cannot abrogate the right to bring a 
well-established common-law claim without showing that the statute’s 
objectives and purposes outweigh denying the constitutionally guaranteed right 
of redress.”).
        To 
invoke the open courts provision, a litigant must show that a statute has 
restricted a cognizable common law cause of action and that the restriction is 
unreasonable or arbitrary when balanced against the purpose and basis of the 
statute. Sage, 720 S.W.2d at 885. The Fords have not shown that any 
statute restricts their causes of action in this case. The trial court’s 
dismissal was based on the Fords’ own actions in failing to replead. Thus, the 
Fords have not shown a violation of article I, section 13 of the Texas 
Constitution. See id. at 885-86.
        The 
Fords also contend that the trial court denied them due process under article I, 
section 19 of the Texas Constitution, citing TransAmerican Natural Gas Corp. 
v. Powell, 811 S.W.2d 913, 918-19 (Tex. 1991). In analyzing whether the 
trial court abused its discretion in ordering death penalty sanctions for 
discovery abuse, the court in TransAmerican cited a United States Supreme 
Court case holding that “[t]here are constitutional limitations upon the power 
of courts, even in aid of their own valid processes, to dismiss an action 
without affording a party the opportunity for a hearing on the merits of his 
cause.” Id. at 918 (quoting Societe Internationale Pour 
Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 
209-10, 78 S. Ct. 1087, 1094 (1958)). The Fords were not denied notice or 
hearing. The record does not contain any evidence that the Fords challenged 
appellees’ special exceptions. Additionally, like the appellant in Cruz, 
the Fords did not object on the record to the trial court’s order giving them 
nine months to replead. Furthermore, the trial court considered and held a 
hearing on the Fords’ motion to reinstate. We hold that the Fords were not 
denied due process in violation of the Texas Constitution. We overrule the 
Fords’ fourth issue.
        Having 
overruled the Fords’ four issues, we affirm the trial court’s judgment.
  
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
 
  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: 
September 8, 2005


NOTES
1.  
Gary was employed by Northrop Grumman, and Performance Aircraft was performing 
contract work in the hangar for Northrop Grumman.
2.  
They later filed an amended motion, which requested the same relief and also 
added a request for a new trial to the extent the case was deemed automatically 
dismissed.
3.  
Appellees did not challenge this assertion.