**Opinion filed July 29, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-08-00321-CV

_____

## EMILIO CHAVEZ, JR., Appellant

## V.

## TEXAS TECH HEALTHCARE SYSTEMS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 07-11-17801**

### M E M O R A N D U M   O P I N I O N

Emilio Chavez, Jr., an inmate in the Texas Department of Criminal Justice – Institutional Division, filed a pro se suit against Dr. Ben Luong, Dr. John P. Lavelle, and Texas Tech Healthcare Systems alleging medical malpractice. The trial court entered an order dismissing all causes of action against Dr. Luong.[1] The trial court granted Texas Tech's plea to the

---

[1]The dismissal of Dr. Ben Luong is not before this court.

jurisdiction. Chavez appeals from the trial court's December 9, 2008 order granting Texas Tech's plea to the jurisdiction.[2] We affirm.

While an inmate at TDCJ-ID, Chavez went for a medical exam. Chavez alleges that, during the exam, Dr. Luong performed unnecessary medical procedures and engaged in sexual contact with Chavez. Chavez further alleges that Dr. Luong failed to treat Chavez's "serious medical need."

In his first issue on appeal, Chavez argues that the trial court erred in granting the plea to the jurisdiction and dismissing the cause of action. In its plea to the jurisdiction, Texas Tech asked the trial court to dismiss the cause of action because Chavez did not provide the required notice pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (Vernon 2005). Section 101.101 states:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
> (1) the damage or injury claimed;
>
> (2) the time and place of the incident; and
>
> (3) the incident.
>
> . . . .
>
> (c) The notice requirements . . . do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

There is nothing in the record to indicate that Chavez provided timely notice of his claim as required by Section 101.101. However, failure to give notice of a claim as required by Section 101.101 does not deprive a court of subject-matter jurisdiction over an action on the claim and cannot be properly asserted in a plea to the jurisdiction. *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004); *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 362 (Tex. 2004). Failure to provide notice as required by Section 101.101 bars any action under the Texas Tort Claims Act but does not deprive the court of subject-matter jurisdiction. *Loutzenhiser*, 140 S.W.3d at 365.

---

[2]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008).

Texas Tech also argued in its plea to the jurisdiction that Chavez did not plead any facts identifying how the State waived sovereign immunity. Sovereign immunity deprives a trial court of subject-matter jurisdiction in lawsuits against the state or certain governmental units unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The Texas Tort Claims Act provides a limited waiver of governmental liability from suit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005). Governmental immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999); *see Simons*, 140 S.W.3d at 349.

Section 101.021 provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

The record does not show that Chavez pleaded any facts or otherwise established that Texas Tech waived its immunity from suit. The trial court did not err in granting the plea to the jurisdiction. We overrule Chavez's first issue on appeal.

In his second, third, and fourth issues on appeal, Chavez argues that the trial court erred in failing to notify him of the order granting Texas Tech's special exceptions and instructing Chavez to replead within thirty days. A party is generally charged with notice of all orders that are rendered affecting the case. *Cont'l Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 790 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *see Mayad v. Rizk*, 554 S.W.2d 835, 838-39 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). Chavez does not dispute that he received notice of the plea to the jurisdiction. The plea to the jurisdiction states that the trial

court granted special exceptions and gave Chavez thirty days to replead.  Chavez did not file a response to the plea to the jurisdiction.  The record does not support Chavez's argument that he was denied a fair trial and due process of law.  We overrule Issues Two, Three, and Four.

We affirm the trial court's judgment.


JIM R. WRIGHT
CHIEF JUSTICE


July 29, 2010

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

4