John D. MORGAN, Petitioner,

v.

CEILING FAN WAREHOUSE, INC. # 3, Respondent.

No. C–6158.

Supreme Court of Texas.

March 11, 1987.

Kevin Dubose, Joe K. Mitchell and R.G. Shivers, Houston, for petitioner.

David E. Lueders and Michael W. Cooper (Law Offices of David E. Lueders), Houston, for respondent.

PER CURIAM.

This cause involves the issue of the commencement date of prejudgment interest in a personal injury suit. John D. Morgan injured his left heel when a lava rock display board in the Ceiling Fan Warehouse fell. Morgan secured a judgment against the warehouse, including, among other things, an award for past medical expenses. The trial court ordered prejudgment interest on all damages incurred prior to trial, with the interest to start running six months after the occurrence of the injury made the basis of the lawsuit. The court of appeals reformed the trial court judgment to provide that interest would begin six months from the date medical expenses were actually incurred. The court of appeals, on the basis of no evidence, also deleted an award for future loss of earning capacity. 723 S.W.2d 195. We modify the judgment of the court of appeals so as to reinstate the trial court award of prejudgment interest. As mod-

ified, we affirm the judgment of the court of appeals.

Morgan was injured on November 8, 1980. The only evidence offered at trial concerning past medical expenses incurred by him was the testimony of Dr. Ronald Baxter. Dr. Baxter testified to the reasonableness and necessity of medical bills for treatment of Morgan beginning in July .of 1984. No other evidence of past medical expenses incurred by Morgan was offered at the time of trial.

The court of appeals, in its decision, misinterpreted our holding in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), as providing that when evidence conclusively establishes the date on which an element of damage was incurred as a basis for recovering prejudgment interest, then prejudgment interest is to commence six months after that date. In *Cavnar*, this court held that "[i]n wrongful death and non-death personal injury cases, interest shall begin to accrue *on* both *pecuniary* and non-pecuniary *damages from a date six months after the occurrence giving rise to the cause of action.*" *Id.* at 555 (emphasis added).

This court, in rendering *Cavnar*, recognized that "[w]hile any accrual method is admittedly arbitrary, the method we adopt more closely approaches the goals underlying prejudgment interest compensation than would accrual as of the date the cause of action arises." *Id.* In writing *Cavnar*, we also took into consideration the fact that "a system which would force litigants to determine precisely when each element of a plaintiff's damage award was incurred would impose an onerous burden on both the trial bench and bar." *Id.* We therefore adopted "a method of calculation that, in our opinion, fairly compensates the plaintiff and avoids the difficulty of accruing prejudgment interest." *Id.* Thus, a compromise was fashioned as to damages arising both before and after the arbitrary six-months-from-injury commencement date for prejudgment interest calculation. Therefore, the court of appeals erred in holding that prejudgment interest on the past medical expenses was to run from a

date six months after the expenses were actually incurred.

We grant the application for writ of error. Pursuant to Tex.R.App.P. 133(b), without hearing oral argument, a majority of this court, because of the conflict in the holding of the court of appeals and our prior decision, *Cavnar*, modifies that portion of the judgment of the court of appeals so that Morgan recovers $3,535.90 as prejudgment interest. As modified, the judgment of the court of appeals is affirmed.