Holly BAKER, Appellant,

v.

Edward CHARLES, Appellee.

No. 13–87–172–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 4, 1988.
Rehearing Denied March 24, 1988.

J. Van Susteren, Fulbright & Jaworski, Houston, for appellant.

Lynn C. Grebe, Bay City, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellant challenges a default judgment in a suit arising from an automobile collision. By eight points of error, he argues that the trial court erred in rendering judgment because of defects in the citation, in appellee's pleadings, in the judgment, and in the record on which the court granted the judgment.

■ Appellant has moved that we strike appellee's brief on the basis that it contains material outside of the record. While we decline to strike the brief, we will not consider matters outside of the record and unsupported by evidence. *Solis v. Garcia,* 702 S.W.2d 668, 670 (Tex.App.—Houston [14th Dist.] 1985, no writ). We deny appellant's motion.

■ By point one, appellant contends that the trial court erred in granting the default judgment against Holly Baker because an indispensable party, Holley Farlane Baker II, was not before the court. Point two states that the judgment is void because the trial court did not have in personam jurisdiction over Holley F. Baker II.

Apparently, the intended defendant is named Holley Farlane Baker II, though citation, pleadings, and judgment refer to him as "Holly Baker." Appellant does not raise any issues of mistake in identity or of lack of service.

When an intended defendant is sued under an incorrect name, jurisdiction is proper after service on the defendant under the misnomer, if it is clear that no one was misled. *Orange Grove Independent School District v. Rivera,* 679 S.W.2d 482, 483 (Tex.1984); *Cockrell v. Estevez,* 737 S.W.2d 138, 140 (Tex.App.—San Antonio 1987, no writ). A misnomer of a defendant does not render a judgment based on personal service, even one by default, void, provided the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled. *Cockrell,* 737 S.W.2d at 140. We overrule points one and two.

■ Appellant's third point claims that the petition on which the judgment is based contains no specific allegation of negligence and cannot support the judgment. The petition states that, on a specific date and at a specific place, the defendant was operating a motor vehicle and ran into the plaintiff, who was driving his vehicle, causing personal injuries to plaintiff and damage to his vehicle, that plaintiff's behavior was not a contributing cause, but that "the occurrence in question was proximately caused by the negligence, as that term is understood in law, of the Defendant."

Tex.R.Civ.P. 47(a) requires an original petition to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." *Castleberry v. Goolsby Building Corp.,* 617 S.W.2d 665, 666 (Tex.1981); *Willock v. Bui,* 734 S.W.2d 390, 392 (Tex.App.—Houston [1st Dist.] 1987, no writ); *First National Bank v. Shockley,* 663 S.W.2d 685, 688 (Tex.App.

—Corpus Christi 1983, no writ). A plaintiff does not have to set out specific acts of negligence in his petition for it to support a default judgment. *Willock,* 734 S.W.2d at 392. We hold that the petition is sufficient and overrule point three.

■ Appellant's fourth point complains that the petition does not list damages. He contends it cannot support the judgment because the judgment includes damages of which fair notice was not given, namely, loss of use of plaintiff's vehicle during repairs.

Fair notice does not require the plaintiff to itemize his damages in the petition, absent a proper special exception. It is not necessary that a plaintiff set out evidence in his pleadings. *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232, 234 (1958).

Appellee pled for personal injuries and for damage to his vehicle. The loss of use of the vehicle during repairs is an easily anticipated element of repair expenses. We do not find the petition inadequate to give fair notice. We overrule point four.

■ By point six, appellant claims the judgment is void because it is dated October 14, 1986, while the Statement of Facts reflects that the trial was held on October 15, 1986. The civil docket entry indicates that the judgment was entered on October 15, 1986.

The error is not reversible. An appellate court is empowered to modify a judgment to correct a clerical mistake. *Schismatic & Purported Casa Linda Presbyterian Church in America v. Grace Union Presbytery, Inc.,* 710 S.W.2d 700, 708 (Tex.App. —Dallas 1986, writ ref'd n.r.e.), *cert. denied,* —— U.S. ——, 108 S.Ct. 85, 98 L.Ed. 2d 46 (1987). Tex.R.App.P. 80(b)(2). The judgment is modified to reflect the correct date, October 15, 1986. We overrule point six.

By point five, appellant attacks the award of prejudgment interest, claiming that appellee did not segregate past from future damages in the personal injury claim, and therefore is not entitled to recover prejudgment interest on that part of the award. He further contests the calculation of any prejudgment interest from the date of the injury rather than from a date six months after the injury.

■ We have examined the record to determine the basis of the damage award, and whether past damages and future damages are segregated. *See Benavidez v. Isles Construction Co.,* 726 S.W.2d 23, 24–25 (Tex.1987). The estimate for damage to the vehicle, $225.59, clearly covers past damage. Appellee's attorney asked, *"will there be* certain loss of your vehicle while your vehicle is repaired?" Thus, the $150.00 for loss of use of the vehicle is future damage. On the personal injury, the medical bills of $1,736.00 are clearly past damage. The attorney also asked; *"[H]ave you sustained* certain physical pain and mental anguish for which you are seeking to recover in this matter?" and "Are you asking the court to award you $15,000 for your personal injuries?" No evidence was given, nor question asked, about any future damages on the personal injury. Thus, the entire $15,000 (which includes the $1,736 for medical expenses) is for past injury. Appellee is thus entitled to prejudgment interest on $15,225.59.

■ The prejudgment interest should be calculated to run from the date six months after the injury. *Morgan v. Ceiling Fan Warehouse, Inc. # 3,* 725 S.W.2d 715, 716 (Tex.1987). Since the injury occurred on February 2, 1986, prejudgment interest should be added for the period from August 2, 1986, through the date of judgment. We sustain part of appellant's point five and modify the judgment to reflect that prejudgment interest begins on August 2, 1986.

■ By point seven, appellant claims that the trial court erred in granting the default judgment, stating that the plaintiff failed to file a certificate of the defendant's last known mailing address before taking judgment, and states that the record does not affirmatively show that the return cita-

tion was on file for the requisite ten days before judgment.

The burden is on the party seeking review to present a sufficient record to show error requiring reversal. Tex.R.App.P. 50(d). While the transcript contains a copy of the face of the citation, it does not contain a copy of the back, where the record of filing ordinarily appears. The dates on the face of the citation do not show that it could not have been filed ten days before judgment.

Although no certificate of last known mailing address is included in the transcript, Tex.R.App.P. 51(a) does not require its inclusion. Tex.R.Civ.P. 239a directs that such a certificate be filed and that the clerk shall mail a notice of the judgment to the party at that address. The record does contain a notice of judgment addressed to appellant.

Thus, appellant has not carried his burden to secure a record demonstrating error. We overrule point seven.

By point eight, appellant claims that the court erred because of the cumulative errors and because of the lack of due process. Appellant has not been denied due process. Moreover, the errors he has shown are not reversible, but correctable. We overrule point eight.

We MODIFY the judgment and as MODIFIED, AFFIRM.