NUMBER 13-03-268-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
MYRTO GARZA,                                                                          Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 103rd District Court of Willacy County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
While serving a sentence for robbery, appellant, Myrto Garza, was convicted of
aggravated assault on a public servant. His sentence for the aggravated assault was
stacked on the sentence he was serving for robbery at the time of the assault. See Tex.
Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2004). In his sole issue on appeal,
appellant contends that the trial court erred in stacking his sentences because he was not
an inmate in the Texas Department of Criminal Justice - Institutional Division when he
committed the offense; he was an inmate of the State Jail Division. According to appellant,
article 42.08(b)’s mandatory stacking provision does not apply to his offense and the trial
court erred by stacking his sentence. The State argues that appellant was, in fact, an
inmate of the institutional division at the time of the offense and that article 42.08(b)’s
mandatory stacking provision does apply in this case. In addition, the State asks this Court
to modify the trial court’s judgment to correct a clerical error. We conclude that the trial
court had discretion to stack appellant’s sentences—regardless of whether appellant was
an inmate of the institutional division—and therefore overrule appellant’s sole issue. 
Additionally, we modify the trial court’s judgment in accordance with the State’s request. 
The judgment is affirmed as modified. Appellant argues that the court erred by imposing
consecutive sentences because, at the time of the offense, he was not an “inmate in the
institutional division of the Texas Department of Criminal Justice” within the meaning of
article 42.08(b).


 To resolve this issue, it is unnecessary for this Court to determine
whether appellant was an inmate of the institutional division at the time of the offense. The
trial court has discretion to stack sentences when the defendant has been convicted in two
or more cases. Id. art. 42.08(a). Article 42.08(b) merely suspends the trial court’s
discretion to stack sentences when the defendant is an inmate of the institutional division: 
in those cases, stacking is mandatory. When the defendant is an inmate of the state jail
division, though, the court has discretion to stack sentences under section (a) of article
42.08. Appellant has not argued that the trial court abused that discretion and has
therefore failed to raise an issue on which we could grant relief. Although the trial court’s
judgment cites subsection (b) and not subsection (a), we will not hold that the trial court
abused its discretion by citing the wrong subsection of the right rule—especially because
it was within the trial court’s discretion to stack appellant’s sentences. Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (“If the trial judge’s decision is correct on any
theory of law applicable to the case, however, it will be sustained. This principle holds true
even when the trial judge gives the wrong reason for his decision . . . .”) (citations omitted). 
          In its cross issue, the State asks this Court to modify the lower court’s judgment to
reflect the correct judgment on which appellant’s sentence is to be stacked. This Court is
empowered to modify a judgment to correct a clerical mistake. Tex. R. App. P. 43.2(b); 
Baker v. Charles, 746 S.W.2d 854, 856 (Tex. App.—Corpus Christi 1988, no pet.). 
Accordingly, the judgment is modified to reflect the correct information as follows: “Cause
Number 1999CR4043 a 4 year sentence for Robbery dated April 20, 2000 out of the 175th
District Court of Bexar County, Texas.”
The judgment is affirmed as modified.                                                 
_______________________
                                                                           DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 26th day of August, 2004.