

# NUMBER 13-11-00450-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**$28,896.00 U.S. CURRENCY,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 13th District Court
### of Navarro County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Garza**

This case involves the forfeiture of $28,896 in United States currency as contraband under chapter 59 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02(a) (West Supp. 2011). After appellant, Samuel Kimo Laihipp, failed to make an appearance in the trial court, a default judgment was rendered ordering forfeiture of the funds to the State of Texas. On restricted appeal,

*see* TEX. R. APP. P. 30, Laihipp contends that: (1) citation and service were defective; (2) the State's notice of seizure and intended forfeiture was defective; and (3) the evidence did not support the seizure and forfeiture of the funds. We reverse and remand.

## I. BACKGROUND

Laihipp, a California resident, was a back-seat passenger in a vehicle stopped by Trooper Dustin Gilmore of the Texas Department of Public Safety in Navarro County, Texas, on January 22, 2011. After stopping the vehicle for a traffic violation, Trooper Gilmore detected the odor of marihuana coming from the vehicle's interior and from Laihipp himself. According to Trooper Gilmore, Laihipp admitted to the officer that he had smoked marihuana the previous night; the officer observed marihuana residue on Laihipp's teeth; and Laihipp later admitted that he swallowed a marihuana cigarette after the traffic stop was initiated in order to conceal it from police.

Trooper Gilmore then performed a search of the vehicle and found the subject currency in a suitcase in the trunk. The money was packaged in bundles secured by colored rubber bands and stored inside a clear plastic bag. Laihipp told Trooper Gilmore that he had received the money from a Western Union transfer but was unable to produce documentation reflecting such a transaction. Laihipp told Trooper Gilmore that, on the day in question, he was traveling from Houston to Arlington to purchase a vehicle. Laihipp contends on appeal that he intended to use the cash to purchase a Ford F-250 truck from a seller in Arlington.

The driver of the car, Charlesetta Kissim, could not state Laihipp's name when asked by Trooper Gilmore. Kissim told Trooper Gilmore that a friend had asked her to

2

give Laihipp a ride to Arlington in exchange for $250. Kissim further stated that, when she picked up Laihipp in Houston, Laihipp put a black suitcase in the trunk of her car.

Laihipp's appellate brief states that, as a result of the events of January 22, 2011, he was charged with the criminal offenses of money laundering, *see* TEX. PENAL CODE ANN. § 34.02 (West 2011) and tampering with evidence, *see id.* § 37.09 (West Supp. 2011). His brief further states that "[w]hen [Laihipp] came to the Court from California for his initial appearance on the laundering charge unbeknownst to him he was served with the seizure notice and the t[a]mpering charge citation."

The State filed its "Original Notice of Seizure and Intended Forfeiture" on January 24, 2011, accompanied by an affidavit by Trooper Gilmore. The clerk's record reflects that the citation and petition were served on Laihipp personally by a Navarro County sheriff's deputy on January 27, 2011. The citation commanded Laihipp to answer the State's seizure notice on or before 10:00 a.m. on February 21, 2011. *See* TEX. R. CIV. P. 99b. No answer was filed by that deadline. The next day, the State filed a motion for default judgment, which the trial court granted.[1]

Claiming that he did not know of the judgment until after the deadline for filing a motion for new trial had passed, Laihipp filed this restricted appeal on May 13, 2011.[2] *See* TEX. R. APP. P. 30.

## II. DISCUSSION

---

[1] The trial court apparently held a hearing on February 22, 2011, prior to rendering the default judgment. It is unclear whether testimony was taken at the hearing. The reporter's record provided to this Court does not contain a transcript of any proceedings but rather states that "[a] record was not taken" on February 22, 2011 because "we did not have this Cause on the record."

[2] The appeal was transferred to this Court from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

3

**A.      Applicable Law**

To prevail in a restricted appeal, Laihipp must establish that:  (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.  *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).  The first three elements are undisputed; the only issue in dispute is whether error is apparent on the face of the record.  The face of the record consists of the reporter's record and all the papers in the clerk's record filed prior to final judgment.  *Davenport v. Scheble*, 201 S.W.3d 188, 193 (Tex. App.—Dallas 2006, pet. denied) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)).

**B.      Defect in Citation and Service**

We first address Laihipp's contention that the citation, and the service thereof, were defective.  This is a challenge to the court's personal jurisdiction.  *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Benefit Planners v. Rencare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.—San Antonio 2002, pet. denied) ("When the attempted service of process is invalid, the trial court acquires no in personam jurisdiction over the defendant, and the trial court's judgment is void.").  Whether the court had personal jurisdiction over Laihipp is a question of law that we review de novo. *Coronado v. Norman*, 111 S.W.3d 838, 841 (Tex. App.—Eastland 2003, pet. denied).

"Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand attack on appeal."  *Ins. Co. of the State of Pa. v.*

4

*Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 726 (Tex. App.—Fort Worth 2003, no pet.). Failure to affirmatively demonstrate strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect. *Wilson*, 800 S.W.2d at 836 (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). There are no presumptions in favor of valid issuance, service, and return of citation. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006).

Laihipp first argues that the citation and return were defective because they listed Laihipp as a "Defendant" rather than as "a claimant or property owner." Laihipp cites only *Faggett v. Hargrove*, 921 S.W.2d 274, 277 (Tex. App.—Houston [1st Dist.] 1999, no pet.) in support of this contention. In *Faggett*, the First District Court of Appeals found that a citation directed "to the sheriff or constable of Texas" as well as to the defendant was fatally defective. *Id.* (citing TEX. R. CIV. P. 99(b)(8) (stating that "[t]he citation shall . . . be directed to the defendant")). The First District has since overruled that holding. *See Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (en banc) ("The requirements of rules 15 [requiring citation to be directed to the sheriff or constable] and 99(b) can be harmonized by allowing the citations to be directed to both the sheriff or constable, as the officer serving it, and the defendant, as the person being served."). In any event, Laihipp directs us to no rule of civil procedure requiring that a defendant in a forfeiture proceeding be listed as a "claimant" or "property owner" rather than as a "Defendant."

5

Laihipp next asserts that the citation was defective on its face because it did not contain the State's attorney's address as required by law.[3] *See* TEX. R. CIV. P. 99(b)(9) (stating that "[t]he citation shall . . . show the name and address of attorney for plaintiff, otherwise the address of plaintiff . . ."). The record confirms that the address of the State's attorney—the assistant criminal district attorney of Navarro County—appears nowhere on the citation served upon Laihipp. The citation was defective for this reason. *See id.*

In response, the State cites *Stoner v. Thompson*, a 1979 case in which the Texas Supreme Court stated that "[m]ere formalities, minor defects and technical insufficiencies will not invalidate a default judgment where the petition states a cause of action and gives 'fair notice' to the opposing party of the relief sought." 578 S.W.2d 679, 683 (Tex. 1979). *Stoner* involved a default judgment rendered after the defendant answered the lawsuit but failed to make a general appearance at trial. *Id.* at 681–82. The trial court rendered default judgment after allowing one of the plaintiffs to amend its pleadings to add a $50,000 damages claim. *Id.* at 682. The Court determined that the defendant did not have "fair notice" of the damages claim and so the default judgment was invalid as to that claim. *Id.* at 685.

---

[3] Laihipp's claim that the State's notice of seizure and intended forfeiture was defective also relies on the absence of the State's attorney's address. *See* TEX. R. CIV. P. 57 ("Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, with his State Bar of Texas identification number, address, telephone number, and, if available, telecopier number. . . ."). The record reflects that the State's notice, like the citation, failed to contain its attorney's address. In light of our holding herein that the citation was defective, we need not consider whether this apparent defect in the State's notice justifies reversal of the default judgment. *See* TEX. R. APP. P. 47.1. Nevertheless, we note that the requirement that a default judgment be obtained in "strict compliance" with rules of procedure appears to apply only to rules governing citation and service, not rules governing the contents of pleadings. *See Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) ("Strict compliance *with the rules governing service of citation* is mandatory if a default judgment is to withstand an attack on appeal." (Emphasis added)).

We do not believe *Stoner* is relevant to the case at bar. The question in *Stoner* was whether the defendant, who had already made an appearance in the case by answering the plaintiff's original pleadings, *see* TEX. R. CIV. P. 121, had "fair notice" of one plaintiff's amended pleadings such that a post-answer default judgment on those pleadings could be rendered. *See Stoner*, 578 S.W.2d at 683. The trial court's personal jurisdiction over the defendant was not at issue. *See* TEX. R. CIV. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."); *see also Stoner*, 578 S.W.2d at 682 (noting that "[a] post-answer 'default' constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial"). Laihipp, on the other hand, did not answer the State's suit and is arguing that the trial court did not have personal jurisdiction over him because the citation was defective.

The State also cites this Court's case law regarding misnomers in citations. *See Baker v. Charles*, 746 S.W.2d 854, 855 (Tex. App.—Corpus Christi 1988, no pet.). In *Baker*, we stated:

> When an intended defendant is sued under an incorrect name, jurisdiction is proper after service on the defendant under the misnomer, if it is clear that no one was misled. . . . A misnomer of a defendant does not render a judgment based on personal service, even one by default, void, provided the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled.

*Id.* (citations omitted). The State argues that the case at bar is similar to *Baker* because "[Laihipp] was not misled about who was suing him or that a suit was pending against

7

him." But Laihipp claims that he *was* misled about the nature of the case against him—he believed the forfeiture notice was actually related to criminal charges pending against him and did not indicate that a separate civil suit had been filed.[4] In any event, the law does not require Laihipp to justify his failure to answer beyond showing that the papers he was served with did not "[s]trict[ly] compl[y] with the rules governing service of citation." *See Lejeune*, 297 S.W.3d at 256. The *Baker* case and other cases in which we have found that a misnomer that is not misleading will not render a default judgment void do not change the fact that strict compliance with citation rules is necessary for a default judgment to be sustainable. *See id.* Here, the citation did not strictly comply with the rules governing service of citation because it did not contain the plaintiff's attorney's address.[5] Accordingly, error is apparent on the face of the record before us and the default judgment is void. *See Alexander*, 134 S.W.3d at 848.[6]

### III. CONCLUSION

We reverse the judgment rendered by the trial court and remand for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
5th day of July, 2012.

---

[4] The State further asserts that Laihipp could not have been misled by the absence of its attorney's address because "[a]nswers are filed with the clerk of the Court, and not the opposing party." However, under the applicable rule of civil procedure, parties are required to serve "[e]very pleading, plea, motion or application" on all other parties in addition to filing those papers with the court clerk. *See* TEX. R. CIV. P. 21.

[5] As noted, the State's notice of seizure and intended forfeiture—which the citation affirms was served on Laihipp—also did not include the State's attorney's address.

[6] In light of our conclusion, we need not address Laihipp's other issues. *See* TEX. R. APP. P. 47.1.

8