**MODIFY and AFFIRM; and Opinion Filed April 24, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00589-CR
No. 05-18-00590-CR
No. 05-18-00591-CR

**WILFRED EARL TARVER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-56635-X, F16-24069-X, and F15-99720-X**

# MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Pedersen, III

In this appeal, appellant Wilfred Earl Tarver, the defendant in the proceedings below, asks

this Court to modify the judgment in each of his three cases to correct various clerical errors

reflected in the judgments. We modify the judgments as set forth herein and affirm the judgments

as modified.

**Background**

In 2014, Tarver was charged as a juvenile with delinquent conduct constituting the felony

offense of aggravated robbery. He received a determinate sentence of seven years' confinement,

probated for seven years. The juvenile court transferred jurisdiction to the trial court (Cause No.

F15-99720-X), and the trial court placed Tarver on community service.

In 2016, Tarver was charged with aggravated assault with a deadly weapon (Cause No. F16-24069-X). In accordance with a plea agreement, Tarver pled guilty to aggravated assault with a deadly weapon. The trial court deferred adjudication and placed Tarver on five years' community supervision.

In August 2017, Tarver was charged by indictment with aggravated robbery (Cause No. F17-56635-X). In light of this indictment, the State filed a motion to revoke community supervision in cause number F15-99720-X and a motion to revoke probation or proceed with an adjudication of guilt in cause number F16-24069-X. Tarver entered a plea of not guilty to the aggravated robbery charge and on April 19, 2018, a jury convicted him of the offense. Tarver elected to have his punishment determined by the trial court.

On April 27, 2018, the trial court considered the evidence presented in the punishment phase of Tarver's trial for aggravated robbery. The court also heard evidence on the State's motion to revoke Tarver's community supervision in cause number F15-99720-X, and the State's motion to revoke probation or adjudicate guilt in cause number F16-24069-X.

With respect to cause number F15-99720-X, the trial court found that Tarver had violated the terms and conditions of his probation and revoked his probation. The court sentenced him to seven years' confinement in the Texas Department of Criminal Justice, Institutional Division. In cause number F16-24069-X, the trial court found the alleged violations to be true, granted the State's motion to adjudicate guilt, found Tarver guilty of aggravated assault with a deadly weapon, and sentenced him to twenty years' imprisonment. As to cause number F17-56635-X, the court noted that Tarver had been found guilty by the jury; the court then assessed punishment of confinement for life. The trial court signed a separate judgment for each of the cases. Tarver filed timely notices of appeal for all three cases.

## Modification of the Judgments

In six issues, Tarver asks this Court to modify the judgment in each of his three cases to correct various clerical errors reflected in the judgments. In his first issue, Tarver asks this Court to modify the judgment in cause number F16-24069-X to reflect that he entered a plea of "not true" to the violations alleged in the State's motion to proceed with an adjudication of guilt. In his second issue, Tarver asks this Court to modify the judgment in cause number F15-99720-X to reflect that he entered a plea of "not true" to the violations alleged in the State's motion to revoke community supervision. In his third, fourth, and fifth issues, Tarver asks this Court to modify the judgment in cause number F17-56635-X to reflect that (1) the trial court entered the affirmative deadly weapon finding pursuant to Article 42A.054 of the Texas Code of Criminal Procedure, (2) no plea was entered or finding made to the enhancement paragraph abandoned by the State, and (3) the court imposed sentence on April 27, 2018. The State does not oppose these requests.

In his sixth issue, Tarver asks this Court to modify the findings on deadly weapon to reflect "YES, A HANDGUN." The State agrees that the Findings on Deadly Weapon section of the judgment should be modified but asserts that it should be modified to reflect "YES, A FIREARM."

## Applicable Law

Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id.* If a clerical error in the trial court's judgment is brought to our attention, we have a "mandatory duty" to correct it. *Id.*

–3–

**Cause Number F16-24069-X**

The trial court's judgment adjudicating guilt incorrectly reflects that Tarver entered a plea of "TRUE" to the violations alleged in the State's Motion to Adjudicate. According to the reporter's record, Tarver entered a plea of "not true" to the alleged violations. Because the necessary information appears in the record before us, we modify the judgment to accurately reflect Tarver's plea. *See James v. State*, 425 S.W.3d 492, 501–02 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (record supported modification of pleas and findings on enhancement paragraphs). We delete the portion of the trial court's judgment that states "TRUE" under the heading "Plea to Motion to Adjudicate," and add the words "NOT TRUE" under that heading.

**Cause Number F15-99720-X**

The trial court's judgment revoking community supervision incorrectly reflects that Tarver entered a plea of "TRUE" to the violations alleged in the State's Motion to Revoke. The reporter's record establishes that Tarver entered a plea of "not true" to the alleged violations. Because the necessary information appears in the record before us, we modify the judgment to accurately reflect Tarver's plea. *See id*. We delete the portion of the trial court's judgment that states "TRUE" under the heading "Plea to Motion to Revoke," and add the words "NOT TRUE" under that heading.

**Cause Number F17-56635-X**

Tarver complains of four clerical errors in the trial court's judgment in this cause. In his third issue, Tarver contends that the special finding concerning the use or exhibition of a deadly weapon located on page two of the judgment should be modified to reflect the correct statutory basis for the finding. When a jury makes an affirmative deadly weapon finding, the trial court has a mandatory duty to enter a deadly weapon finding in the written judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054(c); *Ex parte Poe*, 751 S.W.2d 873, 875–76 (Tex. Crim. App. 1988);

–4–

*Carter v. State*, No. 05-14-00822-CR, 2016 WL 4044922, at *3 (Tex. App.—Dallas July 26, 2016, no pet.). In this case, the indictment alleged that Tarver used and exhibited a deadly weapon—a handgun—to commit the offense. A handgun is a firearm, and is a deadly weapon per se. TEX. PENAL CODE ANN. §§ 1.07(a)(17)(a), 46.01(5); *Ex parte Campbell*, 716 S.W.2d 523, 526–27 (Tex. Crim. App. 1986). The jury's verdict found Tarver "guilty of the offense of aggravated robbery, as charged in the indictment." Thus, the trier of fact made an express determination that a deadly weapon was actually used or exhibited during the commission of the offense, thereby making a proper affirmative finding. *Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). The court properly entered a special finding on page two of the judgment that Tarver "used or exhibited a deadly weapon, namely, A HANDGUN, during the commission of a felony offense." However, the court incorrectly cited the statutory basis for this finding to be "Tex. Code Crim. Proc. Art. 42.12 § 3g." Article 42.12 of the Texas Code of Criminal Procedure was repealed and replaced with Chapter 42A, effective January 1, 2017. *See* Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 1.01, eff. Jan. 1, 2017. The statute directing that the trial court enter an affirmative finding regarding the use or exhibition of a deadly weapon is now codified in article 42A.054(c). *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054(c). Because this was a clerical error and not an error of judicial reasoning, we modify the judgment to reflect that the statutory basis for the court's affirmative deadly weapon finding is "TEX. CODE CRIM. PROC. ANN. art. 42A.054(c)."

In issue four, Tarver asserts that the judgment erroneously reflects a plea of "TRUE" to the first enhancement paragraph. Tarver's indictment included one enhancement paragraph; however, the record establishes that the State abandoned this enhancement allegation at trial. Accordingly, we modify the judgment to reflect Tarver's plea to the first enhancement paragraph to be "N/A" and the trial court's findings on the first enhancement paragraph to be "N/A." *See James*, 425 S.W.3d at 502.

–5–

In issue five, Tarver complains that the judgment erroneously reflects the date sentence was imposed. Although the judgment states that the date sentence was imposed was "4/19/2018," the record establishes that the court pronounced sentence on Tarver's aggravated robbery conviction at the conclusion of the punishment hearing on April 27, 2018. Accordingly, we modify the judgment to reflect that the court imposed sentence on "4/27/2018." *See Baker v. Charles*, 746 S.W.2d 854, 856 (Tex. App.—Corpus Christi–Edinburg 1988, no writ) (appellate court authorized to modify judgment to correct date shown thereon).

In his sixth issue, Tarver contends that the judgment erroneously reflects the findings on deadly weapon as "YES, NOT A FIREARM." We agree that this provision on the first page of the judgment does not accurately reflect the record. Furthermore, it is not consistent with the mandatory deadly weapon finding entered on the second page of the judgment (see our discussion of issue three above). Therefore, on page one of the judgment under the heading "Findings on Deadly Weapon," we modify the judgment by deleting the word "NOT," thus revising the finding from "YES, NOT A FIREARM" to "YES, A FIREARM."

## Conclusion

We conclude that appellant's requested modifications are warranted and sustain his issues. We modify the judgments as set forth in this opinion and as modified, we affirm the trial court's judgments.


/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

180589F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILFRED EARL TARVER, Appellant

No. 05-18-00589-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1756635-X.
Opinion delivered by Justice Pedersen, III.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1)  The statutory basis for the special findings section on the second page of the judgment is revised to read "Tex. Code Crim. Proc. Ann. art. 42A.054(c);"
(2)  The Plea and Findings as to the 1st Enhancement are revised by deleting "TRUE" and adding "N/A;"
(3)  The Date Sentence Imposed is revised to reflect that the court imposed sentence on "4/27/2018;" and
(4)  The Findings on Deadly Weapon are revised by deleting the word "NOT," so that the finding reads "YES, A FIREARM."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 24th day of April, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILFRED EARL TARVER, Appellant

No. 05-18-00590-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F16-24069-X.
Opinion delivered by Justice Pedersen, III.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The Plea to Motion to Adjudicate is revised by changing the plea from "TRUE" to "NOT TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 24th day of April, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILFRED EARL TARVER, Appellant

No. 05-18-00591-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F15-99720-X.
Opinion delivered by Justice Pedersen, III.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The Plea to Motion to Revoke is revised by changing the plea from "TRUE" to "NOT TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 24th day of April, 2019.